IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM PINTSAK and SANDRA PINTSAK,<br><br>Plaintiffs,<br>v.<br><br>AMERIQUEST MORTGAGE COMPANY; WASHINGTON MUTUAL BANK, FA; WM SPECIALTY MORTGAGE, LLC; and CITI RESIDENTIAL LENDING, INC.<br><br>Defendants. | Case No. 05-cv-05035<br><br>Assigned to Hon. Ronald A. Guzman |

## DECLARATION OF BERNARD E. LESAGE

I, Bernard E. Lesage, declare as follow:

1.  I am an attorney in good standing, admitted to the State Bar of California, and admitted to practice *pro hac vice* before this Court. I am a Shareholder at the law firm of Buchalter Nemer, counsel of record for defendants Ameriquest Mortgage Company, Washington Mutual Bank, FA, WM Specialty Mortgage, LLC, and Citi Residential Lending, Inc. ("Defendants") in this matter. I have knowledge of the facts declared herein, both from my own personal knowledge, and from my review of documents which are maintained in the normal course of business in Buchalter's files and records in this matter, and I could testify truthfully thereto if so required. I submit the instant declaration in support of Defendants' Motion for Additional Discovery Pursuant to FRCP, Rule 56(f), as well as Defendants' Opposition to the Motion for Summary Judgment filed by Plaintiffs William and Sandra Pintsak.

2.  Plaintiffs filed their original Complaint in this matter on August 31, 2005, naming as defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, and AMC Mortgage Services. (*See* Docket No. 1). Plaintiffs filed an Amended Complaint on February 9, 2006, adding Washington Mutual Bank, FA as a defendant, and dropping Ameriquest Mortgage Securities. (*See* Docket No. 28).

3. On April 24, 2006, this action was transferred to Judge Aspen, and consolidated with several hundred other cases as part of the multidistrict litigation, *In Re Ameriquest Mortgage Co. Mortgage Lending Practice Litigation*, Case No. 05-7097 (the "MDL"). (*See* Docket No. 51). Prior to the transfer of this action to the MDL, the defendants which were then named in the Amended Complaint were able to complete a small amount of written discovery, and take the depositions of Plaintiffs.

4. After this action was transferred to the MDL, on April 8, 2008, Plaintiffs filed a Second Amended Complaint (the "SAC") which is the operative pleading. (*See* Docket No. 63). In the SAC, Plaintiffs retained defendants Ameriquest Mortage Company and Washington Mutual Bank, FA, dropped defendant AMC Mortgage Services, and added two brand new defendants: WM Specialty Mortgage, LLC and Citi Residential Lending, Inc.

5. As part of the MDL, counsel for the Opt-Out Plaintiffs (including Mr. and Mrs. Pintsak), Defendants, and the Third-Party Defendants entered into a series of stipulations governing the timing of discovery, mediation, and related matters. The purpose of these stipulations was threefold: (i) to bring greater efficiency to the process; (ii) to minimize the parties' legal fees; and (iii) to put the parties in the best possible position to settle the maximum number of cases. The law firm of Edelman, Combs, Latturner & Goodwin, LLC, which is counsel for Mr. and Mrs. Pintsak, actively participated in the discussions surrounding all of these stipulations, and approved their content before they were filed with the Court for approval.

6. Pursuant to the parties' stipulations, Magistrate Judge Denlow entered scheduling orders on July 7, 2009, July 23, 2009, and December 14, 2009. A true and accurate copy of these orders are attached hereto as Exhibits 1, 2, and 3 respectively.

7. On the July 8th, the parties stipulated, and Judge Denlow ordered, among other things, that no discovery could be conducted in the Opt-Out matters (which includes the instant case) other than the exchange of loan files, until such time that the parties held a meet and confer in accordance with FRCP, Rule 26(f). (*See* Exhibit 1, hereto).

8. Due to the large number of parties in the MDL, the Rule 26(f) conference proved

difficult to coordinate. As such, on July 23rd, the parties stipulated, and Judge Denlow ordered, that parties would complete the Rule 26(f) conference within 30 days. (*See* Exhibit 2, hereto). The stipulation and Order reaffirmed that no discovery would be conducted in the Opt-Out matters, other than the exchange of loan files, until such time that the parties held a meet and confer in accordance with FRCP, Rule 26(f). (*Id.*)

9.  Following the July 23rd Order, the parties had their Rule 26(f) conference, and submitted a stipulated scheduling order and discovery plan to Judge Denlow. Judge Denlow signed this Order on December 14, 2009. (*See* Exhibit 3, hereto). The December 14th Order provides, per the parties' agreement, that no discovery is permitted unless and until the parties complete a mediation as between Ameriquest, the Opt-Out Plaintiffs (including Mr. and Mrs. Pintsak), and the various Third-Party Defendants sued by Ameriquest.

10.  Further to the parties' stipulation and Judge Denlow's Order, Ameriquest has been actively working to mediate cases with various groups of Opt-Out Plaintiffs and Third-Party Defendants. To date, Ameriquest has entered into a settlement in principal with more than one hundred Opt-Out Plaintiffs represented by the law firm of Beasley Allen, and has tentatively scheduled mediations with law firms representing several hundred other Opt-Out Plaintiffs, to occur in June and July of 2010.

11.  Ameriquest has proposed to have a mediation with the Edelman firm, in June or July of 2010, to mediate all of the Opt-Out cases brought by the Edelman firm, including the instant case. However, to date, the Edelman firm has not agreed to this and, instead, has insisted that three of their cases (including this case) be mediated separately from all of the other cases.

12.  Because no mediation has yet occurred in this case, per the parties stipulation and Judge Denlow's Orders, Defendants did not have the opportunity to conduct discovery on Plaintiffs while the case was pending in the MDL. This is less of an issue for Ameriquest Mortgage Company and Washington Mutual Bank, FA, because they previously had an opportunity to conduct discovery prior to the case being transferred to the MDL. However, defendants WM Specialty Mortgage, LLC and Citi Residential Lending, Inc. have not had the

opportunity to conduct any discovery whatsoever.

13. On the Order of Judge Aspen, this case was transferred back to the instant court on April 8, 2010. (*See* Docket No. 74). Upon the case being transferred back, counsel for Defendants informed counsel for Plaintiffs, in both conversations and in written correspondence filed with the Court, that additional discovery was necessary and appropriate in this matter prior to Defendants being required to oppose Plaintiffs' motion for summary judgment which was filed on April 23, 2010. (*See* Docket No. 82). Plaintiffs disagree with this position, and have indicated that they will not consent to Defendants' taking additional discovery prior to opposing summary judgment.

14. Based on my review of the relevant documents and records in this case, as well as applicable law, it is my professional opinion that a small amount of additional discovery is required from Plaintiffs before Defendants can adequately oppose the Motion for Summary Judgment. Specifically, Defendants need discovery on the following narrow subjects: (i) Defendants are entitled to find out whether Plaintiffs have the ability and willingness to fulfill the requirements for a rescission under 15 U.S.C. § 1635(b), by tendering the proceeds of their loan back to Ameriquest or the current holder of the loan; (ii) Defendants are entitled to find out whether Plaintiffs at any time gave notice of the requested rescission to defendants WM Specialty Mortgage, LLC and Citi Residential Lending, Inc.; and (iii) defendants WM Specialty Mortgage, LLC, which is a target of Plaintiffs' Motion for Summary Judgment, is entitled to take a deposition of Plaintiffs to ascertain what evidence Plaintiffs have of alleged wrongdoing by WM Specialty Mortgage, LLC. As noted above, WM Specialty Mortgage, LLC has not had the opportunity to conduct any discovery in this matter, other than receiving a copy of the loan file.

15. Ameriquest has named two third-party defendants in this matter: (i) Specialty Title Services, Inc., which was hired by Ameriquest to close the Plaintiffs' loan; and (ii) Stewart Title Guaranty Company, which was the underwriter. In the event that Ameriquest is found liable in any capacity to Plaintiffs, it would be entitled to indemnity from one or both of the Third-Party Defendants.

16. Ameriquest's claims against the Third-Party Defendants arise from the same transaction and operative facts as Plaintiffs' claims against Defendants. Accordingly, the parties filed a Joint Motion to Transfer Claims, which was granted by Judge Aspen on May 10, 2010. A true and correct copy of Judge Aspen's May 10th Order is attached hereto as Exhibit 4.

17. Pursuant to the parties' stipulations, as approved by Judge Denlow (Exhibits 1-3, hereto), Defendants have not yet had the opportunity to take discovery from the Third-Party Defendants, other than exchanging loan files. However, now that the relevant Third-Party Defendants have been transferred to this Court, Defendants are entitled to pursue discovery, including a deposition of each Third-Party Defendant. Defendants are prepared and willing to proceed with these depositions on an expedited basis, subject to the availability of the Third-Party Defendants and their counsel.

18. Based on my review of the relevant documents and records in this case, as well as applicable law, it is my professional opinion that a small amount of discovery is required from the Third-Party Defendants before Defendants can adequately oppose the Motion for Summary Judgment. In particular, the sole basis for the Motion for Summary Judgment is an alleged deficiency with a TILA disclosure form which was provided to Plaintiffs at the closing of their loan. Ameriquest hired Specialty to close the loan, and gave Specialty specific instructions on the delivery of documents to Plaintiffs, which Specialty represented and warranted that it would carry out. Defendants are entitled to investigate through discovery whether Specialty is responsible in any way for the alleged problems with the TILA disclosure form, or with any of the other alleged deficiencies in the loan documentation that Plaintiffs identify in their Second Amended Complaint. Defendants are also entitled to discover whether insurance issued by Stewart, the underwriter on this loan, covers the claims asserted by Plaintiffs. If so, Stewart may be responsible for any recovery awarded to Plaintiffs in this matter.

19. It is my belief and opinion that the aforementioned discovery with respect to the Plaintiffs and the Third-Party Defendants can be completed within a period of 30-45 days, subject to the availability and cooperation of the other parties. Following the completion of this

discovery, assuming the deponents are forthright and complete in their responses to Defendants' questions, Defendants should be in a position to respond to the Motion for Summary Judgment.

20.  Defendants are not filing the Motion for Additional Discovery to seek unnecessary delay or for any other improper purpose.  Rather, Defendants merely want to protect their rights by conducting reasonable and necessary discovery prior to being required to oppose Plaintiffs' Motion for Summary Judgment.

Executed this 17th day of May, 2010 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

_____
Bernard E. LeSage

## CERTIFICATE OF SERVICE

    I, Bernard E. LeSage, hereby certify that on this 17th day of May 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                        By: /s/ Bernard E. LeSage